✓ ___ FILED ___ ENTERED
____ LOGGED _____ RECEIVED

9:29 am, Jan 09 2026

AT  BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____TTD_____ Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  1:26-mj-00036-CJC |
| | * | |
| JOSE MANUEL PACHECO-GALVAN, | * | **FILED UNDER SEAL** |
| | * | |
| Defendant. | * | |
| | * | |

**\*\*\*\*\*\*\***

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Victoria Brown, being duly sworn, deposes and states the following:

### INTRODUCTION

1.      I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 2021. I am authorized by law to interrogate, arrest, search, and seize aliens who are unlawfully present in the United States pursuant to Title 8, United States Code, Section 1357. Throughout my career, I have been involved in the investigation of numerous cases involving the illegal reentry of aliens into the United States.

2.      I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the criminal history record of the Defendant, **JOSE MANUEL PACHECO-GALVAN** ("**PACHECO-GALVAN**"); and from reports of other enforcement officers involved in the investigation.

3.      Because I have submitted this Affidavit for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation.  Rather, I have set forth only those facts that I believe are necessary to establish probable cause.  I have not, however, excluded any information known to me that would defeat a determination of probable cause.

1

4.      This Affidavit is submitted in support of a criminal complaint and arrest warrant for **PACHECO-GALVAN**, charging him with Reentry after Deportation in violation of 8 U.S.C. § 1326(a).

## PROBABLE CAUSE

5.      The Defendant is a citizen and national of Guatemala and not a native, citizen or national of the United States.

6.      On or about December 1, 2013, **PACHECO-GALVAN** entered the United States at or near Laredo, Texas, without inspection by an immigration officer. On or about December 4, 2013, the U.S. Border Patrol issued **PACHECO-GALVAN** a Notice and Order of Expedited Removal, Form I-860, pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA). **PACHECO-GALVAN** did not claim credible fear of returning to Guatemala. That same day, **PACHECO-GALVAN** was ordered removed by a designated U.S. Border Patrol Agent pursuant to section 235(b)(1) of the INA. On or about December 23, 2013, **PACHECO-GALVAN** was removed from the United States to Guatemala via ICE Air.

7.      **PACHECO-GALVAN** subsequently re-entered the United States on or about October 31, 2016, at or near Eagle Pass, Texas, without being admitted, inspected, or paroled into the United States by an Immigration Official. On or about November 6, 2016, U.S. Border Patrol issued the Defendant a Notice to Reinstate a Prior Order of Removal, Form I-871, in accordance with section 241(a)(5) of the INA. On or about December 14, 2016, **PACHECO-GALVAN** was removed from the United States to Guatemala via ICE Air.

8.      On an unknown date prior to November 2, 2025, and in an unknown location, **PACHECO-GALVAN** reentered the United States unlawfully.

9.    On or about November 2, 2025, **PACHECO-GALVAN** was arrested and charged with Second-Degree Assault and Intoxicated Endanger in Baltimore, Maryland. *See State of Maryland v. Jose Pacheco*, Baltimore City District Court Criminal Case No. D-01-CR-25-045286. On or about December 3, 2025, the District Court of Maryland for Baltimore City placed these charges on the STET docket, and **PACHECO-GALVAN** was released from custody.

10.    Fingerprint impressions were obtained from **PACHECO-GALVAN** in connection with his November 2025 arrest and were electronically submitted to various law enforcement databases. An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the Defendant's November 2025 arrest with the fingerprints taken in connection with the Defendant's prior two removals in 2013 and 2016 and determined that all sets of fingerprints were made by the same individual.

11.    There is no record that, following the prior deportation, the Defendant ever obtained permission to reenter the United States from the Secretary for Homeland Security, the United States Attorney General, or any other authorized official.

## CONCLUSION

12.    Accordingly, I submit that probable cause exists for the issuance of a criminal complaint and warrant for the arrest of Jose Manuel **PACHECO-GALVAN**, an alien who previously had been removed, knowingly entered and was found in the United States without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission in the United States as required by law, in violation of 8 U.S.C. § 1326(a).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

3

1:26-mj-00036-CJC

VICTORIA V
BROWN
Digitally signed by
VICTORIA V BROWN
Date: 2026.01.06
15:24:30 -05'00'

Victoria Brown
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and

4(d) this ____8th____ day of January, 2026.

Honorable Chelsea J. Crawford
United States Magistrate Judge

4