

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Christina A. Hoffman*
*Assistant United States Attorney*
*Christina.Hoffman@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4871*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

May 13, 2026

✓ FILED ___ ENTERED
___ LOGGED ____ RECEIVED

2:56 pm, Jun 22 2026
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____ M.D. ____ Deputy

Christina Wong, Esq.
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Christina_Wong@fd.org

  Re: United States v. Jose Manuel Pacheco-Galvan
    Criminal No. ~~1:26-mj-00036-CJC~~   *w/ ghh JMP*
    **TJS -26- 193**

Dear Ms. Wong:

This letter, together with the Sealed Supplement, confirms the Plea Agreement (this "Agreement") that has been offered to your client, **Jose Manuel Pacheco-Galvan** (hereinafter, "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. **This agreement will be submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).** If this offer has not been accepted by ~~**Friday, May 15, at 5:00 p.m.**~~, it will be deemed withdrawn. The terms of this Agreement are as follows: *Fri., June 12*   *w/ DD JMP*

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Criminal Information, which charges the Defendant with Improper Entry by Alien, in violation of 8 U.S.C. § 1325(a), a Class B misdemeanor. The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court. The Defendant further agrees to waive venue and statute of limitations as to the sole count charged in the Criminal Information.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Criminal Information, the Defendant: (1) was an alien to the United States; and (2) the Defendant entered the United States unlawfully by eluding examination or inspection by immigration officers.

1

<u>Penalties</u>

3.　　The relevant maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|---------------------|
| 1 | 8 U.S.C. § 1325(a) | N/A | 6 months | 1 year | $5,000 | $10 |

<u>Waiver of Rights</u>

4.　　The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.　　If the Defendant had pleaded not guilty, and persisted in that plea, the Defendant would have the right to a speedy jury trial with the close assistance of competent counsel. That trial would be conducted by a judge, without a jury.

b.　　If the Defendant elected a trial, the Defendant would carry the presumption of innocence, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.　　If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.　　The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could not draw any adverse inference from the Defendant's decision not to testify.

e.　　If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.　　By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions about both the rights being given up and the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file, and have the Court rule on, pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, convictions for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant, nevertheless, affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Waiver of Venue

5.      The Defendant further understands that, pursuant to the Sixth Amendment to the United States Constitution and Federal Rules of Criminal Procedure 18 and 58(c)(2), the Defendant has the right to be prosecuted in a district where the offense was committed. The Defendant admits that venue is proper in this District. Alternatively, if venue may lie in a district outside the District of Maryland, by entering into this Agreement, the Defendant agrees to waive any challenge to venue and consents to be prosecuted pursuant to the Criminal Information in the District of Maryland.

## Waiver of Limitations Defense

6.      The Defendant further understands that, pursuant to 18 U.S.C. § 3282(a), any prosecution for a violation of 8 U.S.C. § 1325(a) must be initiated within five years of the offense being committed. Nonetheless, by entering into this Agreement, the Defendant agrees to waive any statute of limitations defense.

## Stipulations Concerning Sentencing and Facts

7.      The offense of conviction, 8 U.S.C. § 1325(a), is a Class B misdemeanor as defined by 18 U.S.C. § 3559(a)(7). Under United States Sentencing Guidelines § 1B1.9, the sentencing guidelines do not apply to such an offense.

8.      At the time of sentencing, this Office and the Defendant will jointly request that the Court impose a sentence of **time served**, as provided in Paragraph 10. The Defendant understands that this Agreement does not impact any time that may be spent in immigration custody subsequent to this proceeding pending the outcome of any immigration-related proceedings.

9.      The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned

parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial. The Defendant agrees that the following facts are true, and that the Defendant is in fact guilty of the crime charged in the Information:

> The Defendant, Jose Manuel Pacheco-Galvan, was born in Guatemala and has, at all relevant times, been a citizen of Guatemala and an alien to the United States. The Defendant entered the United States without examination or inspection by immigration officers on an unknown date prior to November 2, 2025. Thereafter, the Defendant entered Maryland, where he was arrested by members of the Baltimore Police Department on November 2, 2025.

### Fed. R. Crim. 11 (c)(1)(C) Plea

10.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulate and agree that a term of imprisonment of **time served** is the appropriate disposition of this case considering the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine, or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that, if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement and the Defendant will not be able to withdraw his plea.

### Waiver of Appeal

11.     In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows: the Defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or any other provision of law, to appeal the Defendant's conviction on any ground whatsoever; and the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal the Defendant's sentence on any ground whatsoever.

### Entire Agreement

12.     This letter, together with the Sealed Supplement, constitutes the complete Plea Agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless made in writing, signed by all parties, and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Kelly O. Hayes
United States Attorney

Christina A. Hoffman
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of this Agreement with my attorney, with the assistance of a court-certified interpreter. I understand this Agreement, and I voluntarily agree to it. Specifically, I have reviewed the Stipulations Concerning Sentencing and Facts with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6/9/2026
Date

Jose Manuel Pacheco-Galvan
Defendant

I am the Defendant's attorney and I have carefully reviewed every part of this Agreement, including the Sealed Supplement, with the Defendant who advised me that they understand and accept its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary decision.

6/9/26
Date

Christina Wong, Esq.
Counsel for Defendant